# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>Nader Zannad,<br><br>　　　　　Defendant | Case No. 2:22-cr-00122-CDS-EJY<br><br>**Order Granting Defendant's<br>Motion to Seal**<br><br>[ECF No. 33] |

On November 22, 2023, I ordered defendant Nader Zannad to refile his motion for early termination of probation in compliance with the local rules by separating out the exhibits and filing Exhibit 1—which contains a presentence investigation report—under seal. ECF No. 30. On November 28, 2023, Zannad refiled the entire motion for early termination under seal, as well as refiled the entire motion on the record with a sealed placeholder for Exhibit 1.[1] ECF Nos. 31, 32. In conjunction, he filed the requested motion to seal Exhibit 1. ECF No. 33. For the following reasons, I grant his motion.

I.　　**Legal Standard**

"[T]he right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). As such, a litigant may request court records be sealed or redacted. *Id.* In the Ninth Circuit, there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). This strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. *Id.* at 1136. Thus, "compelling reasons" must be shown to seal judicial records attached to a dispositive motion. *Id.*; *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

---

[1] Zannad was instructed to refile the motion after *separating out* Exhibit 1 and filing just that exhibit under seal; not to refile the entire motion including Exhibit 1 under seal. ECF No. 30. Because it would not be judiciously efficient to strike these filings and require new ones, and because the status quo achieves the same effect as the requested filing instructions, the court will accept the docket as is. However, Zannad is cautioned that future failure to comply with court instructions may result in sanctions.

## II. Discussion

Zannad moves to seal Exhibit 1 to his motion for early termination of probation, which contains his presentence investigation report. ECF No. 33. He argues that the report should be sealed because it contains confidential information pursuant to NRS 176.156 and Local Criminal Rule 32-2 and his interest in maintaining the privacy of such information outweighs any public right of access. ECF No. 33 at 1–3. I agree.

Courts in this district routinely grant motions to seal presentence investigation reports under NRS § 176.156, finding that, under *Kamakana* there is a compelling need to protect an individual's "safety, privacy, and personal identifying information", which outweighs the public interest in open access to court records. *See e.g.*, *Toliver v. Las Vegas Metro. Police Officers*, 2021 U.S. Dist. LEXIS 51079, *18–19 (D. Nev. Mar. 17, 2021); *Wilson v. Howell*, 2020 WL 1000518, at *2 (D. Nev. Mar. 2, 2020). Examining Zannad's presentence report, I find that even though some highly sensitive information, such as his social security number, has been redacted, the report contains other sensitive personal information which compels sealing. *See Toliver*, 2021 LEXIS 51079 at *18–19 (finding that "the presentence investigation report should not be made a part of the public record . . . . [e]ven though Defendants redacted some of Plaintiff's personal identifying information in the report"). Zannad's motion to seal his presentence investigation report is granted.

## III. Conclusion

IT IS THEREFORE ORDERED that Zannad's motion to seal **[ECF No. 33] is GRANTED**. The Clerk of Court is kindly instructed to maintain the seal on ECF No. 32.

DATED: December 22, 2023

_____
Cristina D. Silva
United States District Judge